IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD ATENCIO,
EVA PAMA ATENCIO

    Plaintiff,

v.                                                                         Case No. 15-659 JCH/SCY

UNITED STATES OF AMERICA,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiffs Edward and Eva Atencio's Motion for Summary Judgment (Doc. 23) and Defendant's Motion to Dismiss (Doc. 25). United States District Judge Judith C. Herrera referred this case to me for a recommendation as to its ultimate disposition. Doc. 11. Based upon my review of the Motions, the relevant law, and being otherwise fully advised, I recommend denying Plaintiffs' Motion for Summary Judgment and granting Defendant's Motion to Dismiss.

    **I.    BACKGROUND**

The Court takes judicial notice of the following facts from Plaintiffs' underlying criminal proceedings. *See United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (noting general rule that "judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it"). On December 22, 2003, a federal grand jury returned a nine-count Second Superseding Indictment against Plaintiffs charging them with various violations of federal drug laws. *United States v. Edward Atencio and Eva Palma Atencio*, CR No. 03-1014, Doc. 67 (D.N.M. December 22, 2003). Count 9 contained a forfeiture allegation pursuant to 21 U.S.C. § 853, which sought a forfeiture money judgment in the amount of

$10,000,000. This amount represented "the amount of proceeds obtained as a result of the offenses, continuing criminal enterprise and conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and more than five kilograms of cocaine." *Id.* at 5-6. Count 9 further sought forfeiture of four specific properties located in Albuquerque, New Mexico: (1) 764 56th St.; (2) 2244 Pajarito Road; (3) a 2001 mobile home; and (4) 1499 Hooper Rd. S.W. *Id.* This number was reduced to three prior to trial, however, as a result of the court granting a United States' motion to dismiss the mobile home from the indictment. *Id.* Doc. 88-89.

On June 25, 2004, a jury convicted Plaintiffs on Counts 1-8. *Id.* Docs. 101, 102. On September 9, 2004, the United States moved for a preliminary order of forfeiture and, separately, for a money judgment of $10,000,000. *Id.* Docs. 111, 112. On September 16, 2004, the court granted these motions. *Id.* Docs. 114, 115. The court's order granting the United States' motion for money judgment provided that the judgment would become finalized at the time of sentencing. *Id.* Doc. 115. The United States then published notice of the Preliminary Order of Forfeiture regarding the three real properties. *Id.* Doc. 136. On October 10, 2004, Midfirst Bank filed a verified petition claiming a lienhold interest in the 764 56th St. property. *Id.* Doc. 118. The claim was resolved by a stipulated settlement approved by the court. *Id.* Doc. 137. Further, in response to an innocent ownership claim regarding the 1499 Hooper Road SW property, the court dismissed the property from the forfeiture proceedings. *Id.* Docs. 147, 150. No claims were made against the 2244 Pajarito Road SW property and the court therefore ordered the property forfeited to the United States. *Id.* Doc. 149.

The court sentenced Plaintiffs on November 17, 2004 (Eva Atencio) and January 12, 2005 (Edward Atencio). *Id.* Docs. 129, 138. The judgments provided that Plaintiffs "forfeit[] all rights, ownership, and interest in all United States Currency, land and property noted in Count IX

2

of [the] Second Superseding Indictment." *Id.* Docs. 132, 139. Plaintiffs appealed their convictions under Counts 1-7 to the Tenth Circuit. Doc. 134, 143, 144. Plaintiffs did not challenge the forfeiture proceedings. The Tenth Circuit ultimately affirmed Plaintiffs' convictions with the exception of Count 2 which it remanded to the district court with instructions to vacate the sentences levied pursuant to those counts. *United States v. Atencio*, 435 F.3d 1222, 1228 (10th Cir. 2006). On remand, the district court vacated Plaintiffs' sentences previously imposed under Count 2 and entered amended criminal judgments. CR No. 03-1014, Docs 151-154. The amended judgments likewise provided that Plaintiffs "forfeit[] all rights, ownership, and interest in all United States Currency, land and property noted in Count IX of [the] Second Superseding Indictment." *Id.* Docs. 152-154.

On July 27, 2015, Plaintiffs filed the current action seeking "release of the money judgment of $10,000,000 and all other personal property [sic] and assests [sic] which were seized by the United States of America." Doc. 1.

## II. ANALYSIS

### A. Plaintiffs' Motion for Summary Judgment

Plaintiffs move for summary judgment on the basis that Defendant failed to respond to their Complaint and have therefore defaulted. Plaintiffs request that the money judgment against them be dismissed and that monies previously collected be returned to Plaintiffs. Although Defendant did not file a response to Plaintiff's Motion for Summary Judgment, I am still required to consider whether judgment for the moving party is "appropriate." *See Reed v. Bennett*, 312 F.3d 1190, 1994-95 (10th Cir. 2002).

The undisputed material facts are as follows. Plaintiffs filed their Complaint on July 27, 2015. Doc. 1. On December 9, 2015, I entered an Order to Show Cause directing Plaintiffs to

show cause as to why they had not effected service on Defendant. Doc. 7. Plaintiffs timely filed a written response purporting to have effected service. Doc. 8. The response, however, failed to demonstrate that they complied with the Court's order to properly effect service. *See* Doc. 12. As a result, I issued another order in which I precisely explained the deficiencies in service and provided Plaintiffs a second opportunity to properly serve Defendant. Doc. 12. In response, Plaintiffs requested additional time to serve Defendant, which I granted in part. Doc. 16. Plaintiffs served the United States on July 12, 2016. Doc. 18 Accordingly, Defendant's answer was due no later than September 12, 2016. Doc. 18. Because Defendant did not file an answer by this deadline and Plaintiffs had taken no action in the case since July 2016, on October 13, 2016, I entered an Order for a Status Report. Doc. 19. On November 7, 2016, Defendant filed its status report representing that the matter had inadvertently been logged incorrectly which resulted in the case not properly being assigned. Doc. 21. Defendant further contended that Plaintiffs had not properly effected service pursuant to Rule 4(i)(1)(B). Finally, Defendant represented that it planned to enter an appearance and file a motion to dismiss the complaint. Doc. 21. Plaintiffs also filed their status report representing that they planned to object to any dispositive motion Defendant might file. Doc. 22. On March 17, 2017, Plaintiffs filed the instant Motion for Summary Judgment. Doc. 23. As of this date, Defendant still had not filed its promised motion to dismiss the complaint. Therefore, on March 21, 2017, I entered an Order to Show Cause ordering Defendant to file its motion to dismiss, answer the Complaint, or show cause in writing as to why it had failed to answer or otherwise defend this suit. On April 6, 2017, Defendant filed its Motion to Dismiss. Doc. 25.

     I recommend denying Plaintiff's Motion for Summary Judgment. Although at the time Plaintiffs filed their Motion for Summary Judgment Defendant had not filed its Motion to

Dismiss or answered the Complaint, Plaintiffs never formally moved for default judgment under Fed.R.Civ.P. 55. *See Watkins v. Donnelly*, 551 Fed App'x 953, 958 (10th Cir. 2014) (unpublished) ("Entry of default by the clerk is a prerequisite that must be performed before a district court is permitted to issue a default judgment.")[1]; *Rowley v. Morant*, 276 F.R.D. 669, 670 (D.N.M. 2011) ("the clear weight of authority holds that a party *must* seek entry of default by the clerk before it can move the court for default judgment.").

Furthermore, default judgment is only appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). *See also Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) ("We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural errors."). Although late, by virtue of its Rule 12(b)(6) motion in lieu of a responsive pleading, Defendant has begun defending this case. Therefore, the basis for Plaintiffs' motion for Summary Judgment no longer exists.

My decision to allow the United States an additional period of time to file its motion to dismiss was also based on principles of fairness. The undisputed facts demonstrate that neither party has complied with their deadlines under the Federal Rules of Civil Procedure. In the interest of permitting the case to proceed on its merits, I granted Plaintiffs two considerable extensions of time to properly serve Defendant. Thus, in the interests of fairness, I later provided

---

[1] The Court's decision relies upon *Watkins* and other unpublished opinions in analyzing the issues presented. A court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. *See* 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that these unpublished opinions have persuasive value with respect to a material issue, and will assist my analyses and the disposition of this case.

Defendant more time than provided for under Federal Rule of Civil Procedure 12 to file its responsive pleading or move to dismiss. For these reasons, I recommend denying Plaintiffs' Motion for Summary Judgment.

   **B. Defendant's Motion to Dismiss**

In their Complaint, Plaintiffs essentially request, pursuant to 42 U.S.C. § 1983, that this Court nullify the forfeiture proceedings and return to them all the property that has been forfeited. Doc. 1 In its Motion to Dismiss, Defendant contends that Plaintiffs' Complaint should be dismissed under the doctrine of res judicata, also known as claim preclusion. Doc. 25. Defendant argues that Plaintiffs never appealed the forfeiture order and are now precluded from doing so. *See Satsky v. Paramount Communications, Inc.*, 7 F.3 1464, 1467-68 (10th Cir. 1993) ("Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action."). Although the Defendant may be correct that res judicata bars Plaintiffs' claim, the Court need not reach that issue because this case can be resolved more simply on separate grounds.[2]

First, Section 1983 does not apply to the United States or federal officers acting under color of federal law. *Campbell v. Amex Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979); *see also Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (Section 1983 applies to an individual acting under color of state law). No part of the forfeiture action underlying Plaintiffs' Complaint implicates state action or state actors. Accordingly, Plaintiffs' claim should be dismissed for failure to state a claim.

---

[2] One of which concerns jurisdictional issues, which the Court has an obligation to raise *sua sponte*. *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

Furthermore, even were the Court to construe Plaintiffs' claim as somehow arising under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), Plaintiffs' claim would still be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87. In *Heck*, the United States Supreme Court held that a Section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. *Id. Heck* applies equally to *Bivens* actions. *See Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco and Firearms*, 452 F.3d 433, 460 (6th 2006). As the court concluded in *Cyrus v. United States Marshalls of Columbia, S.C.*, *Heck* bars suits challenging criminal forfeiture where the underlying conviction or forfeiture has not been invalidated. Civ. No. 8:05-1384, 2007 WL 601610, *4 (D.S.C. Feb. 21, 2007). As Plaintiffs' underlying convictions have not been invalidated, the present suit challenging the forfeiture is likewise barred. *See id.*; *Rashid v. United States*, 205 Fed. App'x 952, 953 (3d Cir. 2006) ("the order of criminal forfeiture is part of Rashid's sentence….Consequently, a judgment in Rashid's favor would necessarily imply the invalidity of his sentence").

Liberally construing this case as something other than a Section 1983 or *Bivens* case would also create sovereign immunity concerns. Plaintiffs are proceeding solely against the United States and "[t]he United States is immune from suit absent a waiver." *Rankin v. United States*, 556 Fed App'x. 305, 309 (5th Cir. 2014). In the absence of a waiver of sovereign immunity, the court lacks subject matter jurisdiction over a claim involving the United States. *See Lane v. Pena*, 518 U.S. 187 (1996). Plaintiffs make no showing that the United States has waived sovereign immunity for this claim. Nevertheless, to the extent Plaintiffs' claim could be construed as one under the Federal Tort Claims Act, the Court will address it.

The Federal Tort Claims Act "is the exclusive remedy for damages for injury or loss of property 'resulting from the negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment." *Id.* at 308 (citing 28 U.S.C. § 2679(b)(1)). While the FTCA provides a waiver of sovereign immunity for tort claims against the United States, the waiver is subject to the detention exception, 28. U.S.C. § 2680(c) which bars claims "arising in respect of…the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." This exception is, in turn, subject to its own exception that the FTCA's waiver may apply if each of four conditions are met. *See* 28 U.S.C. § 2680(c)(1)-(4). Two of these conditions clearly cannot be met. First, the property must have been "seized for the purpose of forfeiture under any provision of federal law *other than* as a sentence imposed for conviction of a crime." *See* 28 U.S.C. § 2680(c)(1). Second, the claimant cannot have been "convicted of a crime for which his interest in the property was subject to forfeiture under federal criminal laws." *See* 28 U.S.C. § 2680(c)(4). Plaintiffs could not pass either of these hurdles because the United States seized the property at issue pursuant to Plaintiffs' criminal convictions. Accordingly, to the extent Plaintiffs' Complaint could be construed as seeking relief under the FTCA, sovereign immunity jurisdictionally bars their claims. *See Rankin*, 556 Fed. App'x at 309; *Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008). I therefore recommend dismissing Plaintiffs' Complaint on these bases.

### III. CONCLUSION

For the foregoing reasons, I recommend DENYING Plaintiffs' Motion for Summary Judgment (Doc. 23). Furthermore, I recommend GRANTING Defendant's Motion to Dismiss (Doc. 25).

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**