IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD ATENCIO,
EVA PAMA ATENCIO

    Plaintiff,

v.                                                                         Case No. 15-659 JCH/SCY

UNITED STATES OF AMERICA,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Magistrate Judge Steven Yarbrough's Proposed Findings and Recommended Disposition (PFRD). Doc. 33. In his PFRD, Magistrate Judge Yarbrough recommended denying Plaintiffs' Motion for Summary Judgment (Doc. 23) and granting Defendant's Motion to Dismiss (Doc. 25). Plaintiffs filed objections to the PFRD on November 30, 2017. Doc. 39. Plaintiffs make two factual objections and two legal objections. In their factual objections, Plaintiffs contend that contrary to the PFRD, the money judgment dated September 16, 2004, was finalized without prior notice to Plaintiffs, without the benefit of a hearing, and without representation. Doc. 39 at 1. Plaintiffs further contend that the forfeiture count (Count IX) was dismissed by motion of the government. Doc. 39 at 1. As for their legal objections, Plaintiffs first reiterate their contention that it is a violation of due process to obtain a forfeiture judgment against property that was never seized. Doc. 39 at 2-3. The Court understands Plaintiffs' second legal contention to be that Magistrate Judge Yarbrough improperly granted the Defendant an opportunity to move to dismiss Plaintiffs' claims after Plaintiffs' were entitled to default judgment against Defendant. For the reasons discussed below, the Court denies Plaintiffs' objections and adopts Magistrate Judge Yarbrough's PFRD.

In the PFRD, Magistrate Judge Yarbrough recommended dismissal of Plaintiffs' claims under Section 1983 because Section 1983 does not apply to the United States or federal officers acting under color of federal law and "no part of the forfeiture action underlying Plaintiffs' Complaint implicates state action or state actors." Doc. 33 at 6. Magistrate Judge Yarbrough further explained that even if had Plaintiffs asserted their claims pursuant to *Bivens* or the Federal Tort Claims Act, they would still be precluded from relief. *See* Doc. 33 at 7. As Magistrate Judge Yarbrough explained, Plaintiffs' claims would be barred under *Bivens* because *Heck v. Humphrey*, 512 U.S. 477 (1994) bars suits challenging criminal forfeiture where the underlying conviction of forfeiture has not been invalidated. Doc. 33 at 7. As for the Federal Tort Claims Act, Magistrate Judge Yarbrough explained that construing Plaintiffs' claims under the act would still not afford relief because Plaintiffs cannot establish a waiver of sovereign immunity because the United States' seized Plaintiffs' property pursuant to a criminal forfeiture action. Doc. 33 at 8. None of Plaintiffs' objections address these clear bars to Plaintiffs' suit and the Court agrees with Magistrate Judge Yarbrough's analysis.

As for Plaintiffs' objection regarding the extension of time Magistrate Judge Yarbrough accorded Defendant to file its Motion to Dismiss, the Court notes that it materially misstates the underlying proceedings. Doc. 39 at 3. Plaintiffs allege that Magistrate Judge Yarbrough afforded Defendant "unreasonable additional time and warnings that have not, to date, been afforded the Pro Se Plaintiffs." Doc. 39 at 3. As Magistrate Judge Yarbrough explained, however, neither party complied with their respective deadlines in this case. Given the "two considerable extensions of time" Magistrate Judge Yarbrough granted Plaintiffs to properly serve Defendant in lieu of dismissing the case under Fed. R. Civ. P. 4(m), it can hardly be maintained that

Plaintiffs were treated unfairly in relationship to Defendant. Further, the Court favors resolving issues before it on the merits. The Court accordingly rejects Plaintiffs' objection on this point.

Finally, the Court addresses Plaintiffs' argument that the forfeiture action was dismissed. The Court first notes that Plaintiffs have not previously raised this issue. Plaintiffs did not raise this in either their Motion for Summary Judgment or their response to Defendant's Motion to Dismiss. The Court accordingly deems such issues waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Further, the record does not reflect that the United States voluntarily dismissed the money judgment against Plaintiffs. The Court recognizes that the document referenced by Plaintiff includes a check marked box indicating that Count IX was "dismissed on the motion of the United States."[1] Crim. No. 03-1014, Doc. 168. Upon review of the record, the Court is unable to locate a motion by the United States to voluntarily dismiss the money judgment. Further, the document is internally inconsistent because on page 5 of Document 168 it states "The defendant forfeits all rights, ownership and interest in all United States currency, land and property noted in Count IX of the Second Superseding Indictment." Similarly, as indicated by Docs. 171-173, the United States filed notice of the money judgment shortly thereafter which indicates that the United States did not voluntarily dismiss the money judgment. The only way to reconcile this inconsistency is by construing the check marked box as referencing the United States' earlier voluntary motion to dismiss the forfeiture action in regard to certain real property, not the money judgment. *See* Crim. No. 03-1014, Docs. 88-89. For these reasons, the Court rejects Plaintiffs'

---

[1] The Court further notes that Document 168 is only entered as to Edward Atencio. Accordingly, even if the Court were to conclude that it constituted a voluntary dismissal of the money judgment it would be as to Edward Atencion and not Eva Atencio.

objections to the extent that Plaintiffs' contend that the forfeiture action was voluntarily dismissed by the United States.

**CONCLUSION**

Upon review of the record, the Court concurs with Magistrate Judge Yarbrough's proposed findings and recommendation and accordingly adopts the PFRD (Doc. 33). The Court therefore DENIES Plaintiffs' Motion for Summary Judgment (Doc. 23), GRANTS Defendant's Motion to Dismiss (Doc. 25), and dismisses Plaintiffs' Complaint.

_____
UNITED STATES DISTRICT COURT JUDGE